IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY M. GREEN, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:18CV256–HEH
)
HAROLD W. CLARKE, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Without Prejudice Civil Rights Action)

Anthony M. Green, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. By Memorandum Order entered on October 22, 2018, the Court directed Plaintiff to file a particularized complaint. Plaintiff complied with the directive. Upon reviewing the particularized complaint, it appears that Plaintiff attacks both the duration of his sentence and seeks damages. Plaintiff fails to demonstrate why he may bring such action under § 1983.

"[T]he settled rules [provide] that habeas corpus relief is appropriate . . . when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations

omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Thus, any challenge to the duration of his sentence must be brought pursuant to a habeas corpus petition under 28 U.S.C. § 2254. However, a plaintiff may not seek monetary damages under § 2254, nor are monetary damages appropriate under 42 U.S.C. § 1983 where the plaintiff is attacking the duration of his sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis added)).

Accordingly, by Memorandum Order entered on February 7, 2019, the Court directed Plaintiff that, within fourteen (14) days of the date of entry thereof, he must show good cause why he should be permitted to proceed with the current action under § 1983. Plaintiff filed a brief letter response. Plaintiff simply outlines his attempts to obtain relief in state court, indicates that an attorney told him to file a § 1983 complaint, and repeats his request for relief. (ECF No. 25, at 1.) Plaintiff fails to show good cause why he should be permitted to challenge the duration of his sentence by way of § 1983. Moreover, Green's claims for monetary damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because he seeks damages related to the length of his sentence and he

2

has not demonstrated that his conviction or sentence has been invalidated.[1] Accordingly, the action will be dismissed without prejudice.

To the extent that Plaintiff wishes to bring a challenge to the duration of his sentence, he must do so through a habeas corpus petition, and he must first exhaust his available remedies in the state courts.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Feb 28, 2019
Richmond, Virginia

---

[1] In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. An award of monetary damages in this instance would require a finding that Green's sentence was invalid, and thus, is barred from review in § 1983.